UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-20041-CIV-LENARD/O'SULLIVAN

BISCAYNE TOWING & SALVAGE,

    Plaintiff,
v.
M/Y BACKSTAGE, HIN xax80051L506,
*in rem* and PRIVATE MARINE VENTURES,
LLC, *in personam*,

    Defendants.
                                                      /

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion to Exclude or Limit the Expert Testimony of Timothy M. Morgan (DE# 29, 1/21/14). Having reviewed the motion, response and reply, and being otherwise duly advised in the premises, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion to Exclude or Limit the Expert Testimony of Timothy M. Morgan (DE# 29, 1/21/14) is GRANTED.

## INTRODUCTION

This action arises from the alleged maritime salvage of the M/Y BACKSTAGE following a fire event at the marina where she was berthed. The defendant contends that the plaintiff did not touch the M/Y BACKSTAGE or render services to the M/Y BACKSTAGE in any way. Instead, the defendant maintains that the plaintiff claims an after-the-fact incidental benefit to the M/Y BACKSTAGE because the plaintiff allegedly created a "fire break" from towing the adjacent vessel that was on fire despite the fact that the M/Y BACKSTAGE's owner and captain were within feet of the vessel and were ready, willing and able to move her should the fire pose a threat.

The plaintiff seeks to exclude or limit the expert Testimony of Timothy M. Morgan

on the following grounds: 1) the defendant has not complied with the expert disclosure requirements in Fed. R. Civ. P. 26(a)(2), which requires a written report, prepared and signed by the witness; 2) Captain Morgan's testimony should be excluded under Rule 702 of the Federal Rules of Evidence because his testimony is speculative and conclusory and thus, is neither relevant nor reliable; and 3) Captain Morgan should not be permitted to testify regarding the Blackwell factors to determine the salvage award or to assess the level of danger Captain Hargreaves confronted.  The plaintiff further argues that Captain Morgan never inspected the subject marina where the fire occurred and is personally unfamiliar with it.  Captain Morgan only recalls a single salvage case involving a boat fire that was handled by Sea Tow in his approximately twenty years with Sea Tow.  Captain Morgan and his company, Sea Tow, have never been involved in a fire event at a marina, have never removed a vessel from a marina fire, and have never attempted to create a fire break in a marina.  Additionally, Captain Morgan has no fire fighting training or education.  Captain Morgan has never authored any paper or article relating to salvage.

In its response, the defendant argues that Captain Morgan is a salvage captain like the plaintiff and an owner of a salvage and towing business like the plaintiff. Previously, this Court has qualified Captain Morgan to provide expert opinions in salvage cases.  The defendant maintains that Captain Morgan has a substantial amount of personal salvage experience and qualifications and that he has been in the commercial salvage business for more than thirty years.  The defendant states that Captain Morgan has conducted nearly one hundred salvage operations in the past three years.

I.  **LEGAL STANDARDS**

   A.  **Daubert**

Under Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993), and Rule 702 of the Federal Rules of Evidence, the Court serves as a gatekeeper to the admission of scientific evidence. Quiet Technology DC-8 v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1340 (11th Cir. 2003) (citing Daubert, 509 U.S. 579, 589 (1993); and McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002)); Rink v. Cheminova, 400 F.3d 1286, 1291 (11th Cir. 2005). To determine the admissibility of expert testimony under Rule 702, the Court must undertake the following three-part inquiry:

> (1) [T]he expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated by Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand evidence or to determine a fact in issue.

Quiet Technology, 326 F.3d at 1340-41 (citing City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 562 (11th Cir. 1998) (citing Daubert, 509 U.S. at 589) (other citation omitted). The Eleventh Circuit cautioned that although some overlap among the inquiries regarding expert qualifications, reliability and helpfulness exist, "these are distinct concepts that courts and litigants must take care not to conflate." Id. at 1341.

To determine reliability, the court considers:

> (1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known and potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community.

Id. (citing McCorvey, 298 F.3d at 1256 (citing Daubert, 509 U.S. at 593-94)). "'A district court's gatekeeper role 'is not intended to supplant the adversary system or the role of the jury.'" Id. (citing Maiz v. Virani, 253 F.3d 641, 666 (11th Cir. 2001) (quoting Allison v. McGhan, 184 F.3d

3

1300, 1311 (11th Cir. 1999)). "Quite the contrary, '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" Id. (quoting Daubert, 509 U.S. at 596).

"The real purpose of a Motion In Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Stewart v. Hooters of America, Inc., No. 8:04-CV-40-T-17-MAP, 2007 WL 1752843, *1 (M.D. Fla. 2007) (citing Luce v. United States, 469 U.S. 38, 41 (1984)). District courts have broad discretion in deciding to admit or exclude expert testimony. Gen. Elec. Co. v. Joiner, 522 U.S. 136, 142 (1997).

### B.     Rule 26(a)(2)(B)

Rule 26(a)(2) governs the disclosure of expert testimony and prescribes:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report–prepared and signed by the witness– if the witness is one retained or specially employed to provide expert testimony in the case....

Fed. R. Civ. P. 26(a)(2)(B).

## II.    Captain Morgan Is Not an Appropriate Expert to Address Marine Peril Involving Marina Fires

The plaintiff contends that Captain Morgan should be excluded as an expert witness if this Court determines that he is not experienced in the particular field at issue. The plaintiff relies on Certain Underwriters at Lloyd's, London v. Inlet Fisheries, Inc., 389 F. Supp. 2d 1145 (D. Alaska 2005), aff'd 518 F.3d 645 (9th Cir. 2008)(involving a marine insurance dispute). In Inlet Fisheries, the court excluded the plaintiff's expert witness even though the witness had 45 years of experience in the marine insurance industry. Id. at 1154. The court reasoned that the proposed expert witness could not

4

testify because he had little to no experience in the claims at issue.  Id..

In the present case, although Captain Morgan has experience in salvage, he has little to no experience on salvage involving marina fires.  The defendant's reliance on this Court's prior qualification of Captain Morgan as an expert is misplaced because that case involved a vessel that ran aground, not a vessel threatened by a marina fire. See Key Tow, Inc. v. M/V Just J's, Case No. 04-22310-CIV-CMA, 2005 WL 3132454,*1, 12 (S.D. Fla. Nov. 1 2005). Like the expert in Inlet Fisheries, in the present case, Captain Morgan lacks the experience regarding salvage involving marina fires to be qualified as an expert under Daubert.

Additionally, the defendant's failure to comply with the expert disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B), namely that the written report be prepared and signed by the expert witness, warrants exclusion of Captain Morgan's expert testimony regarding salvage involving a vessel threatened by a marina fire.

Accordingly, it is ORDERED AND ADJUDGED that the Plaintiff's Motion to Exclude or Limit the Expert Testimony of Timothy M. Morgan (DE# 29, 1/21/14) is GRANTED.  Captain Morgan may not testify as an expert in this case regarding salvage involving a vessel threatened by a marina fire.

**DONE AND ORDERED** in Chambers at Miami, Florida this 31st day of March, 2014.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record